[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION ON DEFENDANT'SMOTION TO MODIFY PREJUDGMENT REMEDY]
The plaintiff in this action seeks to recover damages for defendant's failure to pay money to the plaintiff as she was obligated to do under a promissory note. In commencing the action, the plaintiff obtained a prejudgment remedy attaching the real property to the defendant. Later the parties agreed to release the attachment in consideration of the net proceeds of the sale of the real property being placed in escrow. That fund now holds $140,000.00.
The defendant, having previously sought unsuccessfully to modify the prejudgment remedy on other grounds, now moves for a modification based on the 1993 amendments to Connecticut General Statutes § 52-278a, which exempt the first $75,000.00 net value of the homestead from attachment. The defendant seeks the benefit of this provision by requesting the release to her of $75,000 of the funds escrowed pursuant to the prejudgment remedy and subsequent escrow agreement. The plaintiff opposes the modification.
Taking as a given that the escrowed proceeds were derived from the sale of the defendant's "homestead",[1] the problem that the money is just that — money — and not a homestead as defined by the statute: "owner-occupied real property used as a CT Page 4505 primary residence." Connecticut General Statutes § 52-352a(e), amended by P.A. 93-301 § 1.
What now exists and has existed since well before the effective date of the statutory change is a bank account, not a piece of real estate.
The Motion for Modification is denied.
PATTY JENKINS PITTMAN, JUDGE